# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 08-00139-CJC | Date: October 6, 2009 |

Present: The Honorable **CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Interpreter: None

| Michelle Urie | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| William J. Ruehle | Not | | X | Richard M. Marmaro | Not | | X |

Proceedings: **(IN CHAMBERS) ORDER GRANTING KAYE SCHOLER'S MOTION TO QUASH MR. RUEHLE'S RULE 17 SUBPOENA (fld 9/28/09)**

     On September 21, 2009, Defendant William J. Ruehle served a subpoena on third party Kaye Scholer. The subpoena requires Kaye Scholer to produce documents relating to its 2006 review of Broadcom's stock options granting processes on the first day of trial. Mr. Ruehle's subpoena is as broad as those previously considered and denied by the Court in its September 15, 2009, order. It requests "ALL DOCUMENTS" listed in privilege and redaction logs from Kaye Scholer's production in the related derivative action. These logs include over 10,425 items. As the Court stated in its September 15 order, Rule 17(c) "was not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974); *see also United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (per curiam) ("A Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence." (citations omitted)). Accordingly, Kaye Scholer's motion to quash is GRANTED.

jhp

                                                          : 0

Initials of Deputy Clerk: mu